IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CR-134-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MALIK CRAWFORD-BEY, | ) | |
| | ) | |
| Defendant. | ) | |

On April 25, 2024, Malik Crawford-Bey ("Crawford-Bey" or "defendant"), through counsel, moved to: (1) sequester the United States' witnesses, [D.E. 562]; (2) compel disclosure of any summary exhibits the United States intends to use at trial at least ten days before trial, [D.E. 563]; (3) set aside the protective order, [D.E. 564]; (4) compel the disclosure of evidence under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), [D.E. 565]; and (5) compel the disclosure of evidence under Federal Rule of Evidence 404(b), [D.E. 566].

On July 24, 2024, the court granted Crawford-Bey leave to proceed pro se [D.E. 689, 690]. On July 25, 2024, the United States moved for the court to appoint standby counsel [D.E. 693]. On August 26, 2024, Crawford-Bey, proceeding pro se, moved for the United States to produce discovery concerning an alleged Title III wiretap germane to Crawford-Bey's prosecution [D.E. 727]. On September 12, 2024, the court granted the United States' motion and appointed standby counsel [D.E. 749].

On December 17, 2024, Crawford-Bey, proceeding pro se, again moved for discovery [D.E. 874]. On January 30, 2025, the court ordered the United States to respond to Crawford-

Bey's second motion for discovery [D.E. 905]. On February 17, 2025, standby counsel, Robert L. Cooper ("Cooper"), moved to withdraw [D.E. 921]. On February 21, 2025, the United States responded [D.E. 929]. That same day, the court granted Cooper's motion to withdraw [D.E. 930]. For the reasons explained below, the court grants in part Crawford-Bey's motion to sequester, denies Crawford-Bey's remaining motions, and orders the Office of the Federal Public Defender to appoint standby counsel.

I.

A.

The United States does not object to Crawford-Bey's motion to sequester witnesses under Federal Rule of Evidence 615(b) and asks that the sequestration order apply equally to the United States and Crawford-Bey. See [D.E. 641] 1–2. The United States also requests that its case agent be exempted from the sequestration order and that the agent "be allowed to remain in courtroom during the trial." Id. at 2.

The court grants in part Crawford-Bey's motion to sequester [D.E. 562], subject to the United States' additional requests. The sequestration order shall apply to all witnesses in this case, except the defendant and the United States' designated case agent.

B.

Crawford-Bey requests that the court order the United States to produce its intended summary exhibits at least ten days before trial. See [D.E. 563]. Crawford-Bey argues the court should grant his motion to allow time to review any summary exhibits, compare it to the underlying data on which it is based, and check its accuracy and its completeness vis-a-vis all of the evidence. Crawford-Bey also contends that he needs that period of time "to review the summaries and

2

determine if there is a need on his part to obtain expert or lay witnesses to explain or rebut the statements in the Government's summary, or to create a competing summary that more appropriately or fairly explains the underlying evidence." Id. at 2.

In opposition, the United States argues that any summary exhibits it intends to use will be summaries of materials submitted to the defendant at least 30 days before trial under Federal Rule of Criminal Procedure 16(a)(1)(G). See [D.E. 641] 2; Fed. R. Crim. P. 16(a)(1)(G).

The court agrees with the United States. The United States' disclosures under Rule 16 will provide Crawford-Bey ample opportunity to review the United States' evidence. Accordingly, the court denies Crawford-Bey's motion to compel disclosure of the United States' summary exhibits ten days before trial. See [D.E. 563].

C.

As for Crawford-Bey's motions under Brady, Giglio, and Federal Rule of Evidence Rule 404(b), the United States is aware of its ongoing disclosure obligations. See [D.E. 641] 2–5. At this time, nothing suggests that the government is neglecting it obligations under Brady, Giglio, or the Federal Rules of Evidence. Accordingly, the court denies Crawford-Bey's motions under Brady, Giglio, and Federal Rule of Evidence Rule 404(b). See [D.E. 565, 566].

D.

On July 19, 2023, the court issued a protective order limiting the dissemination of the United States' discovery material. See [D.E. 57]. On April 25, 2024, Crawford-Bey moved through counsel to set aside the protective order. See [D.E. 564]. In that motion, Crawford-Bey argues that the protective order "denies him the ability to adequately assist in the preparation if [sic] his defense and denies him due process and the [sic] adequate counsel in violation of the 4th,

3

5th, and 6th amendments of the United States Constitution." Id. at 2. On August 26, 2024, Crawford-Bey, proceeding pro se, moved for the United States to produce discovery concerning an alleged Title III wiretap germane to Crawford-Bey's prosecution [D.E. 727]. On December 17, 2024, Crawford-Bey, proceeding pro se, moved again for discovery [D.E. 874]. Because Crawford-Bey's pro se motions request materials covered by the protective order, the court construes the motions as requests to set aside or amend the protective order.

The United States opposes Crawford-Bey's motions to set aside or amend the protective order. See [D.E. 642, 929]. For the reasons stated in the United States' responses, the court denies Crawford-Bey's motions. Specifically, the court finds compelling the United States' concerns over the safety of its investigators, cooperating defendants, and confidential sources. See [D.E. 642] 5–12; [D.E. 929] 7–13. The court also notes that if the court granted Crawford-Bey's motions, because Crawford-Bey has elected to proceed pro se, the United States would be required to submit discovery materials to Crawford-Bey directly. This fact further underscores the United States' safety concerns. Moreover, Crawford-Bey fails to show good cause for the removal or modification of the protective order. Standby counsel can meet with Crawford-Bey to review the discovery. Accordingly, the court denies Crawford-Bey's motions to set aside or amend protective order. See [D.E. 564, 727, 874].

II.

In sum, the court GRANTS in part defendant's motion to sequester [D.E. 562]. The order of sequestration SHALL apply to all witnesses in this case, except the defendant and the United States' designated case agent. The court DENIES the defendant' other motions [D.E. 563, 564, 565, 566, 727, 874]. The Office of the Federal Public Defender SHALL promptly appoint new

4

standby counsel. The Clerk of Court SHALL deliver a copy of this order to the Office of the Federal Public Defender.

SO ORDERED. This 17 day of March, 2025

JAMES C. DEVER III
United States District Judge